# STATE OF FLORIDA v MASON

Case No. 87-58805 TT A02

County Court, Palm Beach County

November 2, 1987

## APPEARANCES OF COUNSEL

**Carrie Soden,** Assistant State Attorney, for plaintiff.

**Michael S. Mersky** for defendant.

## OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS CASE WAS BEFORE THE COURT, pursuant to the Defendant's motion to suppress the results of his breath test, and the Court

having heard testimony of witnesses and argument of counsel, hereby denies the motion.

The Defendant alleges that there was a violation of HRS rule 10D-42.24(1)(f) which states, in pertinent part, that:

"The technician, arresting officer, or person administering [the test] must make certain the subject has not taken anything by mouth or has not regurgitated for at least twenty minutes before administering the test."

Deputy Arraujo testified that he observed the Defendant from 11:20 p.m. until 11:50 p.m., when he turned him over to Deputy Mathews. Deputy Mathews testified that she observed the Defendant from 11:50 p.m. until 12:05 a.m. when the first test was administered. Both Deputies testified that they are certain, and were in a position to know, that the Defendant did not regurgitate or take anything by mouth during the period of time that he was under their observation.

The Defendant urges upon the Court a construction of the rule which would require that the period of observation required in the above rule be undertaken by a single person and not include the cumulative time of observation by different people. However no authority has been cited in support of this restrictive construction.

The purpose of the rule is to eliminate extraneous factors, such as mouth alcohol that may exist consequent to a regurgitation of alcohol from the Defendant's stomach, from unfairly influencing the outcome of the breath test.

It seems to this Court, that this purpose can be validly effectuated by the cumulative observations of several different people. In the real world, as faced by law enforcement personnel, there may not be time for a breath technician, who may test many people per shift, to take twenty minutes prior to each test to personally observe each subject when a competent arresting officer is available to make the requisite observations. The rule only requires the technician to make certain that the Defendant has not consumed anything by mouth nor regurgitated for twenty minutes prior to the testing. Therefore, the Court rules that this certainty may come from the separate and cumulative observations by several trained individuals.

DONE AND ORDERED, this 2nd day of November, 1987 at West Palm Beach, Florida.